25700. HARRIS *v.* WHITEHALL CHEVROLET CO. *et al.*

DECIDED DECEMBER 5, 1936. REHEARING DENIED DECEMBER 18, 1936.

*LaFayette C. Dotson, F. L. Breen,* for plaintiff.

*John M. Slaton, James J. Slaton, Poole & Fraser,* for defendant.

PER CURIAM. The ultimate question for determination is whether or not the court erred in sustaining the general demurrer of Whitehall Chevrolet Company to the petition as amended. Omitting some of its formal allegations, and some of the allegations deemed unnecessary in deciding the question at issue, the petition brought by Mrs. J. J. Harris against Miss Frances Menge and Whitehall Chevrolet Company substantially alleges: "3. That . . defendants have injured and damaged petitioner in the sum of $25,000 by reason of the following facts: 4. That . . Whitehall Chevrolet Company, during all of the time or times hereinafter mentioned, . . was in the business of merchandising automobiles for pecuniary gain and profit, selling and demonstrating said automobiles from its place of business, known as 329 Whitehall Street, Atlanta, Georgia. 5. That on August 20, 1934, at

12 :30 p. m., petitioner was in the act of crossing Broad Street at Alabama, pursuant to the commission given by the street light, when defendant Menge, agent of Whitehall Chevrolet Company, as will more fully hereafter appear, without warning, ran through a red light at the said intersection at Broad and Alabama Streets, and negligently, wantonly, and wilfully and maliciously, struck, knocked down, and dragged petitioner to petitioner's physical injury and damage. 6. That . . defendant Menge did not sound any horn, gong, bell, or other warning device, or give petitioner any notice whatsoever of her intention to run south on Broad Street . . through and across the red light situated at the intersection of Broad and Alabama Streets. 7. That said automobile . . was owned by Whitehall Chevrolet Company, and by said company, through some of its servants, employees, or agents, held, owned, and operated, for the purpose of displaying, demonstrating, and selling the said automobile in the course of said defendant Whitehall Chevrolet Company's usual course of business. 8. That as a result of the defendants' negligence . . petition received" designated injuries. 9. Petitioner incurred an indebtedness of $600 for medical expenses. 10. Whitehall Chevrolet Company ordered and instructed defendant Menge to drive and operate said automobile over the streets of Atlanta pursuant to an attempt or plan of said company to sell said automobile, and said defendant Menge "at the time of the running over of petitioner aforesaid was driving said automobile pursuant to and under the instructions of . . Whitehall Chevrolet Company through some officer, or employee of said company, whose name is unknown to . . petitioner." 11. That the brakes of said automobile were "in bad condition, bad repair, and inoperative at the time of said collision." 12. That the horn of said automobile was "in bad condition, bad repair, and inoperative at the time of said collision. 13. That . . Whitehall Chevrolet Company had purchased said automobile from . . C. B. Grogan for resale a short time prior to the collision aforesaid, and said company at the time of said collision had not changed the registration of the license of ownership of said automobile. . . 14. That next immediately prior to the purchase of said automobile by the defendant company from said Grogan, said defendant company, by or through some of its officers, servants, agents, or employees, whose . .

names are to petitioner unknown, had given said automobile an inspection and appraisal, the which said inspection and appraisal disclosed or should have disclosed to said defendant company the state of mechanical repair of condition that said automobile was in, and that the brakes of said automobile were in bad condition and out of repair, and that the horn on said automobile would not blow. . . 15. That the defendant, Menge, was negligent" in specified respects. "16. The Whitehall Chevrolet Company was negligent in the following particulars: (a) in not maintaining the brakes on said automobile in a workable condition and in a state of good repair; (b) in not maintaining the horn or warning signal on said automobile in a workable condition or state of good repair; (c) in instructing defendant Menge to operate said automobile around the City of Atlanta while same was in a state of bad repair in so far as the brakes and horn thereon were concerned; (d) in not repairing said automobile after the purchase of the same from said Grogan prior to any use thereof; (e) in not testing said automobile to ascertain its condition prior to said defendant company instructing defendant Menge to operate the same around the streets of Atlanta. 17. That both defendants in the exercise of ordinary care should have known that said automobile was in such a condition of bad repair as to require the fixing of the brakes and horn or warning signal prior to the operating of said automobile over the streets of Atlanta. 18. That petitioner's said injuries . . are permanent. . . 19. That petitioner was and is free from fault or negligence."

In response to special demurrers of Whitehall Chevrolet Company, the plaintiff amended paragraph 5 of her petition by causing the latter part thereof to aver that Miss Menge, "without warning, ran through a red light at the said intersection at Broad and Alabama Streets and negligently and grossly, and with great force running through said red light as aforesaid, struck, knocked down, and dragged petitioner to petitioner's physical injury and damage." In response to the demurrer of Whitehall Chevrolet Company the plaintiff also amended her petition by adding thereto the following paragraph, designated as 16A: "That at all of the . . times in said petition mentioned, said defendant Menge was the agent of defendant, Whitehall Chevrolet Company, and the negligence of said defendant company's agent, Menge, as aforesaid and

in the particulars in said petition set forth, and both of said defendants were and are jointly responsible for the negligent acts of defendant Menge in said petition set forth." After the petition had been amended as indicated, Whitehall Chevrolet Company renewed its original demurrer, and further demurred, (1) because "the petition as amended sets forth no cause of action against this defendant," and (2) because the petition as amended "shows that the defendant Menge was not the agent of this defendant, but that the relationship of this defendant with the defendant Menge was that of bailor and bailee," and for other reasons which, in view of the court's ruling, need not be stated. The court's judgment was as follows: "The plaintiff alleges that the Whitehall Chevrolet Company was engaged in the sale of automobiles, and had in its possession for sale an automobile referred to in the petition; that said defendant let the defendant, Frances Menge, drive said automobile 'pursuant to an attempt or plan of said company to sell said automobile,' and that at the time of the alleged injuries the said Menge was 'driving said automobile pursuant to and under the instructions of the defendant, Whitehall Chevrolet Company, through some officer or employee of said company, whose name is unknown to petitioner.' By amendment filed March 3, 1936, in pursuance of an order of the court of February 19, 1936, sustaining special demurrers, the plaintiff alleged that 'at all of the time and times in said petition mentioned, said defendant Menge was the agent of defendant Whitehall Chevrolet Company, and the negligence of said defendant company's agent Menge, was the negligence of said company.' A reasonable construction of the petition as amended shows that the defendant company was engaged in the sale of automobiles and permitted the defendant Menge to take the car in question from the place of business of defendant company for the purpose of ascertaining whether she would desire to purchase the car or another one like it; that no agent of the defendant company accompanied her; and that she drove said car as thus entrusted to her wherever her own pleasure directed her to drive it; and that is the theory upon which the case was argued. Under these circumstances the court is of the opinion that the defendant Menge was, as to the defendant company, a bailee, and not the agent of the company. . . Wherefore the general demurrer to plaintiff's petition as amended is sustained and said case is hereby dismissed."

The first contention of counsel for the defendant is that in passing on the judgment sustaining the general demurrer, this court should consider the plaintiff's right to recover as being based solely on the theory that Miss Menge was the agent of the company, and should not consider the contention made in this court by counsel for the plaintiff that the petition sets out a cause of action against Whitehall Chevrolet Company because that company delivered to Miss Menge the automobile to be driven on the streets of Atlanta, when it knew, or in the exercise of ordinary care should have known, that said automobile was a dangerous instrumentality because its brakes and horn were "inoperative." Our view is, that, notwithstanding any statement of the judge in the opinion rendered by him in reaching his judgment sustaining the general demurrer to the petition, to the effect that the case was argued in the trial court solely on the theory that the defendant was liable under the doctrine of principal and agent or respondeat superior, it is the duty of this court, in passing on the judgment of the trial court, to consider the entire petition as amended, including, of course, any theory of recovery therein. Many decisions hold that the relationship between a dealer and a prospective customer driving an automobile to test it out is that of bailor and bailee, and not that of principal and agent or master and servant. In Hamp v. Universal Auto Co., 173 Wash. 585 (24 Pac. (2d) 77), a case very similar to the one at bar, the court said: "The recital in the complaint that Mr. Allen [the prospective purchaser] was the agent and employee of the auto company was a mere conclusion, not the allegation of a fact or an inference that could reasonably be drawn from the facts pleaded, and was therefore not admitted by the demurrer. The fact that the owner of the automobile delivered it to Mr. Allen as a prospective purchaser does not justify the imputation to the owner of Allen's negligence while driving it for demonstration purposes." To sustain this conclusion, the court cited 2 Blashfield's Cyclopedia of Automobile Law, 1323. See *Simril* v. *Davis*, 42 *Ga. App.* 277 (155 S. E. 790). Our view is that the petition does not set out a cause of action against Whitehall Chevrolet Company on the theory of principal and agent or respondeat superior.

In 7-8 Huddy's Cyclopedia of Automobile Law (9th ed.), 230, § 88, it is said: "The fact that an automobile was in want of repair and dangerous for driving, and its condition was known to the

owner, will charge him with injuries caused by such defect, although the car is driven by a bailee or other person with his consent. . . But the owner can not be held liable where he had no knowledge of the defect, even if he should have known of it." See Dickason v. Dickason, 84 Mont. 52 (274 Pac. 145). Conceding, but not deciding, that the petition as amended sufficiently alleges that the defects in the automobile were known to the Whitehall Chevrolet Company, the demurrer was properly sustained, because the petition as amended failed to allege that there was any causal connection between such defects and the alleged injuries. Quoting from Huddy's Cyclopedia of Automobile Law, supra "The fact that the machine placed in the possession of a bailee is defective does not impose liability on the bailor for an injury which is not shown to have been a result of such defect." Under the allegations of the petition the accident might have occurred as it did if the bailee had been supplied with a car properly equipped in every respect. There being no causal connection between the alleged negligence of the Whitehall Chevrolet Company in delivering to the bailee an automobile with a defective horn and defective brakes and the injuries to the plaintiff, the court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. "Having in mind the well-settled rule, that, even though portions of a petition may be subject to demurrer, the petition as a whole should not be dismissed upon general demurrer if there is any portion of the petition which sets forth a cause of action" (*Horton* v. *Georgian Co.*, 175 *Ga.* 261, 271, 165 S. E. 443), I am of the opinion that, as against the general demurrer, the petition in the instant case sets out a cause of action against the Whitehall Chevrolet Company, on the theory that the automobile which it delivered to Miss Menge to drive on the streets of Atlanta was a dangerous instrumentality. It may not be amiss to state that the quotation from 7-8 Huddy's Automobile Law (9th ed.), 230, § 88, that "the owner can not be held liable where he had no knowledge of the defect, even if he should have known of it," is based by the author on the case of Dickason v. Dickason, 84 Mont. 52 (274 Pac. 145), where a minor daughter, driving her mother's automobile for her own pleasure

with the mother's consent, sued the mother for damages for injuries sustained by the daughter by reason of the car's overturning because of a defective steering gear. Surely the facts of the Dickason case clearly differentiate it from the one at bar, where a corporation in the business of selling automobiles delivered to a prospective purchaser an automobile to try out, with the view of selling it to her, and the question is the liability of the dealer to a *third person.* I do not think the petition in the instant case is defective for failure to allege knowledge of the defects of the automobile by the Whitehall Chevrolet Company. The fact that an automobile is not per se a dangerous instrumentality (*Fielder* v. *Davison,* 139 *Ga.* 509, 77 S. E. 618) does not prevent it from becoming one by being allowed to get into a condition where it is dangerous to operate. "On the same theory which governs the liability of an owner intrusting his machine to an incompetent servant, where a motor vehicle, which is in such a state of repair as to be a dangerous instrumentality, is permitted by the owner to be used by another, the owner may be liable for injuries caused in its operation by the latter, as where an automobile is equipped with defective brakes and steering gear." 2 Blashfield's Automobile Law, 1335, § 16, citing Foster v. Farra, 117 Ore. 286 (243 Pac. 778), and Texas Co. v. Veloz (Tex. Civ. App.), 162 S. W. 377. I quote briefly from the Foster case, as follows: "Farra permitted his minor son to use an automobile and to drive the same upon the streets of Grant's Pass, when the vehicle was in a defective and dangerous condition to be driven on the highway. The machine in such condition was an inherently dangerous instrumentality."

The petition clearly alleges that both the brakes and horn were "inoperative." Paragraph 6 of the petition avers that the defendant Menge did not sound any horn. Paragraph 8 alleges that the plaintiff suffered specified injuries "as a result of the defendants' negligence hereinbefore and hereafter set out." Paragraph 15 alleges that the defendant Menge was negligent "in not warning petitioner by a warning device," in "not applying the brakes and stopping said automobile prior to running over petitioner," and "in operating said automobile out of control." The specifications of negligence alleged against the Whitehall Chevrolet Company are fully set out in the majority opinion, and need not be repeated. While thoroughly agreeing with the majority that there must be a

causal relation between the alleged defects in the automobile and the plaintiff's injuries, I think that, as against the general demurrer, the petition in the instant case avers such relation. In short, I dissent from the ruling of the majority, because I am of the opinion that the petition as amended sets out a valid cause of action on the theory of "dangerous instrumentality."

### ON MOTION FOR REHEARING.

PER CURIAM. This action against the Whitehall Chevrolet Company and Miss Frances Menge was brought on the theory that Miss Menge, the driver of the automobile which caused the alleged injuries to the plaintiff, was the agent of Whitehall Chevrolet Company. Many acts of negligence were alleged against Miss Menge, and responsibility therefor was charged to the Whitehall Chevrolet Company because of the alleged relationship of principal and agent between Whitehall Chevrolet Company and Miss Menge. The petition also set out certain independent acts of negligence against the Whitehall Chevrolet Company, to which we shall presently refer. The facts set out disclosed that Miss Menge was a prospective purchaser of the car in question from the Whitehall Chevrolet Company, and that at the time of the alleged injury to the plaintiff she had been entrusted by that company with possession of the car for the purpose of testing its qualities. We held that the "relationship between a dealer and a prospective customer driving an automobile to test it out is that of bailor and bailee, and not that of principal and agent or master and servant," and therefore that the facts alleged in the petition affirmatively disclosed that the relationship of principal and agent, as alleged, did not exist between Whitehall Chevrolet Company and Miss Menge. We are bound by the facts, and not by legal conclusions. We further held that a bailor of an automobile is not responsible for the negligent acts of the bailee in operating it. Now, as against the defendant Whitehall Chevrolet Company, the petition alleges that it was negligent: "(a) in not maintaining the brakes on said automobile in a workable condition and in a state of good repair; (b) in not maintaining the horn or warning signal on said automobile in a workable condition or state of good repair; (c) in instructing defendant Menge to operate said automobile around the City of Atlanta while same was in a state of bad repair, in so far as the brakes and horn thereon were concerned; (d) in not repairing said automobile

after the purchase of the same from said Grogan, prior to any use thereof; (e) in not testing said automobile to ascertain its condition prior to said defendant company instructing defendant Menge to operate the same around the streets of Atlanta." Upon these allegations of negligence the case against the Whitehall Chevrolet Company must stand or fall. If the petition, when construed most strongly against the plaintiff, should affirmatively show that the alleged acts of negligence charged against this defendant did not contribute to and were not the proximate cause of the injury to plaintiff, then it must fall before a general demurrer. This is indisputable. We said in the original opinion that "under the allegations of the petition the accident might have occurred as it did if the bailee had been supplied with a car properly equipped in every respect."

In answer to the contention that if there "be reasonable grounds for two opinions," the question whether the particular negligence charged against the defendant is one to be determined by the jury, we say that it is so plainly and indisputably true from a proper construction of the pleadings that the negligence of the defendant Whitehall Chevrolet Company did not contribute to the injuries sustained by the plaintiff, that it may be resolved on demurrer. As against Miss Menge the petition in the most material parts charges negligence as follows: " (a) in running through a red light, as heretofore more specifically stated. . . (c) in not warning petitioner by a warning device of said defendant's intention to run over petitioner; (d) in not applying the brakes and stopping said automobile prior to running over petitioner; (e) in not swerving said automobile so as to pass to one side of petitioner; (f) in operating said automobile out of control." It therefore appears that Miss Menge operated the car at the time and place in a negligent manner (in operating said automobile out of control, etc.), and *did not attempt to apply the brakes or sound any horn.* Therefore, under the allegations of the petition, if the defendant had furnished to her a car equipped with perfect brakes and an efficient horn, the accident would have nevertheless occurred. The petition makes no allegation that Miss Menge was negligent in operating a car without serviceable brakes or a good horn after she knew or ought to have known of such conditions, nor is there any allegation that she attempted to blow the horn and apply the

brakes, and that because of their defective condition they would not work. Whitehall Chevrolet Company might have been charged in the petition with furnishing to Miss Menge a car with a dangerous and defective tire which might be expected to blow out and cause the car to swerve, thus endangering lives of others using the streets, but it could hardly be said that the company would for this reason be liable for any injury done to another person by being run into by Miss Menge, without an allegation that the tire did blow out and cause the car to swerve and thus cause the injury. We therefore remain of the opinion that the judge properly sustained the general demurrer and dismissed the action. One case cited by counsel in his motion for rehearing is Charles System Inc. *v.* Juliano, 62 App. D. C. 283 (66 Fed. (2d) 931). However, this case fully sustains our position. There it was shown that the driver of the car, the bailee, attempted to use the brakes in trying to avoid injury to the plaintiff, and that the brakes did not work. The court said: "Even though plaintiff had negligently put himself in a position of peril, if defendant Tutz [the bailee] saw that position and had an opportunity to save the plaintiff by exercising reasonable care and failed to do so, yet the plaintiff could recover against Tutz for his failure; *while if Tutz duly attempted to save the plaintiff in his peril, and failed because of negligence of the defendant company, the plaintiff may recover against the company.*" (Italics ours.)

*Rehearing denied. Broyles, C. J., and Guerry, J., concur. MacIntyre, J., dissents.*