JERRY A. JONES AND FIDELITY & CASUALTY COMPANY v. RANEY CHEVROLET COMPANY.

(Filed 15 June, 1938.)

1. **Pleadings § 20—**

Upon demurrer, the allegations of the complaint are to be taken as true, and are to be construed liberally in favor of the pleader.

2. **Automobiles § 7—Complaint held to state cause of action in favor of guest in car against dealer for alleged defective brakes.**

The complaint alleged in substance that plaintiff was an invited guest in an automobile, that because of defective brakes, the car was wrecked, resulting in serious injury to plaintiff, that defendant dealer sold the car to the owner with whom plaintiff was riding, and that the dealer advertised and represented that the car was equipped with good, reliable brakes when it knew that said automobile had brakes defective in material and workmanship, and that the defects would naturally result in the brakes becoming applied in an emergency manner in the ordinary operation of the car, causing the operator to lose control over the car. *Held:* The complaint alleged negligence, and injury to a passenger in the car as a proximate result of the alleged negligence and facts from which injury might have been foreseen, and defendant dealer's demurrer to the complaint should have been overruled.

APPEAL by the plaintiffs from *Cranmer, J.,* at March Term, 1938, of NEW HANOVER. Reversed.

*Albert W. Cowper, Poisson & Campbell, and J. A. Jones for plaintiffs, appellants.*

*E. K. Bryan and Burney & McClelland for defendant, appellee.*

JONES *v.* CHEVROLET CO.

SCHENCK, J.   This is an appeal from a judgment sustaining a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that the General Motors Corporation (not a party to this action) was and is engaged in the manufacture of automobiles for the use of the general public, said automobiles being designed and constructed to carry several passengers other than the operators thereof; that among the automobiles so manufactured was the Chevrolet automobile constructed for the purpose of carrying passengers over the public highways of the various states, including the public highways of New Hanover County, North Carolina; that the General Motors Corporation designed and constructed said Chevrolet automobiles so that "they could be used and were used, to the knowledge of the defendant (Raney Chevrolet Company), for carrying of passengers and guests by the owners and operators of said automobiles," and that such use was general throughout the United States, and that such automobiles were "so operated and used, to the knowledge of the defendant" in New Hanover County; that among the equipment used in the construction of the Chevrolet automobile by the General Motors Corporation, and forming a part of the standard equipment, was four-wheel brakes, and that "a substance, referred to as lining, formed a part thereof," and that said brakes were the means of controlling the operation of said automobiles upon the highways, "to the knowledge of said defendant"; that the defendant knew "that automobiles equipped with defective or inferior braking apparati endangered the owners and operators of said automobiles, their invited guests and other persons riding in said automobiles"; that the General Motors Corporation carried on its business in New Hanover County through the defendant Raney Chevrolet Company at Wilmington, North Carolina, said defendant acting as agent and distributor of the Chevrolet automobile for the General Motors Corporation, and was so acting on 30 July, 1934; and

"11. That the said General Motors Corporation constructed its Chevrolet automobiles and particularly those coming within the model of the Chevrolet coach, Motor No. M-803399, Serial No. 9CC03-1459, with inferior and defective brakes, in that the material used in the construction of said brakes, and particularly the substance or material referred to as the brake lining, was of an inferior and defective material or substance, said brakes being defective, both in material and in workmanship; in that the said brakes were so constructed and installed that the lining, being of inferior and defective material, was exposed to such an extent that water splashing from the surface of the road, in the normal operation of the automobile during, or immediately following, an ordinary shower of rain, became wet, the lining being of such an inferior

and defective substance and material that it was absorbent and expanded upon coming in contact with water or other liquid substance and, on account of the fact that the mechanical construction of the brakes was such that, upon the expansion of the lining or the tightening of the braking equipment on any one of the four wheels of the said automobile, all of the brakes would automatically be applied in an emergency state, thus rendering the operation and control of the automobile impossible, by the operator or driver thereof, and constituted said automobile a dangerous instrumentality when it was undertaken to be operated upon the public highways.

"12. That, as the plaintiff is advised, believes and so alleges, the braking equipment of the said Chevrolet automobiles manufactured by the General Motors Corporation and sold by it through the defendant Raney Chevrolet Company were so defective in material and workmanship and the automobiles so equipped were such dangerous instrumentalities that the said General Motors Corporation undertook to require all its dealers, among whom was the Raney Chevrolet Company, to have the owners of said automobiles equipped with the said defective brakes, as hereinbefore described, returned to them by the owners thereof and repaired, by the installation of material and equipment free from defects, either in construction or workmanship.

"13. That, as plaintiff is advised, believes and so alleges, the Raney Chevrolet Company sold a 1933 model Chevrolet coach, Serial No. 9CC03-1459, Motor No. M-803399, to J. P. Riggs on 18 June, 1934, which said automobile, as the plaintiff is advised, believes and so alleges, was equipped with inferior and defective braking equipment, that is, defective in material and workmanship as hereinbefore described in this complaint.

"14. That, as the plaintiff is advised, believes and so alleges, the sale of said automobile to the said J. P. Riggs by the defendant was with the knowledge on the part of the said defendant of the defective and dangerous condition of said automobile, having particular reference to its braking equipment and arrangement, and that said automobile so equipped with brakes defective in workmanship and material was a dangerous instrumentality and subjected the said J. P. Riggs and those whom he might invite to ride with him, the general public and particularly this plaintiff, to serious danger, and endangered the life and limb of the said J. P. Riggs, purchaser, his invited guest, the general public and particularly this plaintiff or any other person or persons whom the said J. P. Riggs might permit to ride with him upon the public highways of North Carolina in said automobile.

"15. That in addition, as the plaintiff is advised, believes and so alleges, to the implied warranty resulting from the manufacture and

sale of automobiles to be used by the general public upon the public highways of the State and thoroughfares in North Carolina and elsewhere, the said defendant advertised its said Chevrolet automobile as being equipped with dependable and reliable brakes, free from defect in material and workmanship, including the automobile hereinbefore described as having been purchased by J. P. Riggs, and the defendant specifically warranted the said automobile when it was sold and delivered to the said J. P. Riggs to be in a good mechanical state of repair, with adequate brakes, free from defects in material and/or workmanship."

The complaint further alleges that on 30 July, 1934, the plaintiff was injured while riding as an invited guest in the automobile purchased by J. P. Riggs from the defendant, and that at the time the automobile was being operated by J. P. Riggs in a careful and prudent manner, and because the brakes suddenly and without warning, due to defective material and workmanship, became applied in an emergency state, and, in spite of the efforts of the operator to the contrary, the automobile was hurled off the road, inflicting upon the plaintiff serious and permanent injury.

The complaint further alleges that the corporate plaintiff, the Fidelity & Casualty Company, has paid and is paying to the plaintiff, Jerry A. Jones, as an employee of the Tide Water Power Company, under a policy of liability insurance issued to said power company by said casualty company under the provisions of the North Carolina Workmen's Compensation Act, and that said casualty company is entitled to be subrogated to the rights of the plaintiff Jones, to the extent of its payments to him, in such recovery as he may make in this cause.

We are of the opinion, and so hold, that his Honor erred in sustaining the demurrer. Upon the demurrer the allegations of the complaint are to be taken as true, and are to be construed liberally in favor of the pleader. The complaint in effect alleges that the defendant sold to J. P. Riggs a passenger automobile to be used upon the public highways of New Hanover County, that at the time of the sale the automobile had defective brakes—defective in material and workmanship, and that notwithstanding the defect was known to it, the defendant "advertised" and represented to the purchaser that said automobile was equipped with dependable and reliable brakes; and that while being operated by the purchaser in a careful and prudent manner said automobile, due to defective brakes, wrecked, thereby injuring the plaintiff, who was riding therein as an invited guest of the purchaser. The allegation of the selling and delivery of an automobile with an advertisement and representation that it was equipped with reliable and dependable brakes when it was known that said automobile had defective brakes is an allegation of negligence; and the fact that such alleged negligence might proxi-

mately cause injury to a passenger in said automobile is an event that might, in the exercise of reasonable care, have been foreseen.

An interesting discussion of the liability of the seller of a defective and unsafe automobile for injury or damage caused thereby is found in the Annotation contained in 99 A. L. R., on pages 240 *et seq.*

The judgment below is

Reversed.