27058. McDANIEL *v.* JONES.

DECIDED OCTOBER 17, 1938.

*J. H. Paschall,* for plaintiff.
*Mitchell & Mitchell,* for defendant.

FELTON, J. 1. The mere fact that an automobile dealer delivers an automobile to a prospective purchaser for the purposes of trial and demonstration does not create the relationship of master and servant. *Harris* v. *Whitehall Chevrolet Co.,* 55 *Ga. App.* 130 (189 S. E. 392).

2. An automobile dealer who delivers an automobile to a prospective purchaser in a defective condition is not bound to anticipate that the prospective purchaser will be negligent in connection with and after discovering the defect, unless there are circumstances alleged, known to the dealer, which would put him on notice that such negligence might be expected.

3. This suit is against the automobile dealer who is being charged with being negligent in furnishing an automobile to a prospective purchaser on a rainy day, to be driven in heavy traffic, without warning him that the windshield wiper would not work, and against the prospective purchaser who is charged with being negligent in operating the automobile, while it was raining, on the wrong side of the road, and in not keeping on his own right-hand side so as to permit the plaintiff's car to have sufficient room to pass by in safety, and in crowding the plaintiff's car from the road and running head-on into the car the plaintiff was driving. In view of the alleged negligence of the prospective purchaser, the

petition set forth no cause of action against the dealer, the suit not being based on the furnishing of a dangerous instrumentality without the intervention of the negligence of another, which the dealer was under no duty to anticipate. In these circumstances there was no liability against the dealer. *Piedmont Hospital* v. *Truitt*, 48 *Ga. App.* 232 (172 S. E. 237) and cit. The ruling might be otherwise if the broken windshield wiper had been alleged to be the sole cause of the injury. The court did not err in sustaining the general demurrer to the petition, as to the dealer, Mrs. Ellen Jones.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*