### 29013. HOLT *v.* EASTERN MOTOR COMPANY.

DECIDED JULY 9, 1941. REHEARING DENIED JULY 24, 30, 1941.

*Paul T. Chance,* for plaintiff. *Bussey & Fulcher,* for defendant.

FELTON, J. This petition does not set forth a cause of action on the theory that Danforth was an agent of the defendant. *Harris* v. *Whitehall Chevrolet Co.,* 55 *Ga. App.* 130 (189 S. E. 392) ; *Mc-Daniel* v. *Jones,* 58 *Ga. App.* 495 (199 S. E. 233) ; *Cantrell* v. *Hertz Drivurself Stations,* 40 *Ga. App.* 840 (151 S. E. 694). Nor on the theory that the plaintiff was an "invitee" of the defendant as the legal term is generally understood, for the reason that the petition does not allege any facts sustaining such a theory. At the most, the defendant's "invitation" to the plaintiff to ride with the prospective purchaser was no more than a suggestion, and presents the same legal status as if the prospective purchaser had invited the plaintiff with the defendant's knowledge and consent. However, the petition does state a cause of action on another theory. The relationship between the defendant and Danforth was that of bailor and bailee, in which each had a legal interest. It was the defendant's duty not to turn over to Danforth an automobile which was inherently dangerous because of a latent defect of which it actually knew or which it could have discovered by the exercise of ordinary care, and which Danforth could not have discovered by the same degree of care, and the effects of which negligence he could not have avoided by such care. This duty extended also to third persons whom the defendant should have anticipated might reasonably be injured by its failure in such duty. The scope of this duty extended to and included the plaintiff who was a guest of Danforth.

Whether the defendant should have anticipated that he might invite somebody to ride or not, the defendant actually knew that the plaintiff was going to ride with him as a guest. "If the bailment is a lucrative one, the obligation by which his liability to third persons is tested may include a duty to exercise reasonable diligence or ordinary care to see that the instrumentality is in a reasonably safe condition to avoid injuries to such persons, and it has been held that he is required, in the exercise of such diligence, to inspect the machine to the end that the danger may not arise, and to make such simple and available tests as to its condition as the intended use would suggest to sensible and right-minded persons." 6 Am. Jur. 404, § 317; *Parker* v. *Loving,* 13 *Ga. App.* 284 (79 S. E. 77); *NuGrape Bottling Co.* v. *Knott,* 47 *Ga. App.* 539 (171 S. E. 151). In 2 Restatement of the Law of Torts, 1064, § 392, it is stated: "One who supplies directly or through a third person a chattel to be used for supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied: (a) if the supplier has failed to exercise reasonable care to make the chattel safe for the use for which it is supplied." See 12 A. L. R. 795; Collette *v.* Page, 44 R. I. 26 (114 Atl. 136, 18 A. L. R. 74); Wharton on Negligence (2d ed.), § 435.

The petition does not allege facts sufficient to support the theory that the defendant in effect represented that Danforth was a competent driver. The fact that Danforth did not have a driver's license is not indicative of negligence. 16 A. L. R. 1117. The defendant would not be liable for the negligence of Danforth in the absence of an allegation that it knew or had reason to believe that he was an incompetent driver. However, the plaintiff would not be barred by Danforth's negligence if the negligence of the defendant contributed to or constituted the proximate cause of the injury. In 2 Restatement of the Law of Torts, 1272, § 490, it is stated: "A passenger or guest in a vehicle is not barred from recovery for harm resulting from the negligence of a third person by the contributory negligence of his carrier or host." Accordingly, the petition set forth a cause of action for the negligence of the defendant in furnishing to Danforth an automobile which by the exercise of

ordinary care defendant should have ascertained was in such a defective condition that it would probably injure Danforth or any person in the vicinity of its use by him. The court therefore erred in sustaining the demurrers and in dismissing the petition.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*