32965. NASH *v.* REED.

DECIDED APRIL 28, 1950.

*James M. Embry, Dunaway, Riley & Howard,* for plaintiff.
*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr.,* for defendant.

SUTTON, C. J.  Mrs. Ruth A. Reed filed her petition in two counts in Fulton Superior Court against W. M. Nash, seeking to recover $5000 for personal injuries sustained when the brakes of the defendant's automobile which she was driving failed to function.

Except as to the allegations of knowledge of the condition and the degree of negligence each count is identical in substance, and the following is alleged:  The parties reside in Fulton County.  On April 1, 1949, the defendant owned a certain Dodge automobile, and it was provided for the comfort and convenience of his family, including use by his wife, Mrs. Penny Nash.  The plaintiff and her husband, Charles E. Reed, were friends and neighbors of the defendant and his wife.  Mrs. Nash did not know how to drive an automobile, and for some time prior to the aforesaid date it had been the custom and practice of the plaintiff, with the permission and at the request of the defendant and his wife, to drive the automobile to the grocery store on Friday morning of each week so that the plaintiff and the defendant's wife could do their weekly grocery shopping.  On such occasions the defendant's wife would give the plaintiff the keys to the defendant's automobile, and the plaintiff would drive, the defendant's wife acting in this manner with the consent of the defendant, and as his agent.  On the morning of the aforesaid date, as was her custom on each Friday morning, the defendant's wife requested the plaintiff to drive the defendant's automobile and to take the defendant's wife to the grocery store for the purpose of doing her weekly shopping.  On this date the foot and hand brakes on the defendant's automobile were in such a defective condition that they would not stop the automobile, and were not useful as brakes whatsoever.  The defendant and his wife knew (according to the allegations of

count one) or should have known in the exercise of ordinary care (according to the allegations of count two) that the condition of the brakes on the defendant's automobile made the operation of the automobile a dangerous proceeding and would expose the plaintiff to an unreasonable risk in driving it. On said occasion the plaintiff received the keys to the automobile, took her place under the steering wheel, with the defendant's wife on the front seat on her right, started the engine, and proceeded to back the automobile down the defendant's driveway, which slopes downward to Hillpine Drive. At the bottom of the driveway the plaintiff applied the foot brakes, but the pedal went to the floor, and the progress of the automobile was not checked. As the automobile proceeded across Hillpine Drive the plaintiff applied the emergency brake, but it did not work and failed to check the speed of the automobile. The automobile proceeded down the south curb of Hillpine Drive and down a steep grade. At some point before the automobile reached the bottom of the incline, the defendant's wife jumped out, and shortly thereafter the plaintiff did the same. The plaintiff sustained personal injuries which required hospitalization for four days, and after this was unable to walk except with the aid of a crutch for six weeks, and has suffered severe pain and will continue to suffer.

The plaintiff alleged, in count one, that the defendant was grossly negligent which was the proximate cause of her injuries, as follows: "(a) In requesting and permitting plaintiff to drive said automobile as aforesaid, the brakes of which would not operate to stop same; (b) In requesting and permitting plaintiff to drive said automobile as aforesaid, knowing that the brakes on said automobile were in bad condition and would not operate to stop same; (c) In failing to inform plaintiff of the condition of said brakes when defendant and defendant's wife knew of their said condition; and (d) In requesting and permitting plaintiff to drive said automobile as aforesaid without having the brakes thereof repaired so that they would function to stop said automobile; although, defendant and defendant's wife had ample and adequate opportunity to examine the brakes of said automobile and to have the same repaired."

The acts of negligence as the proximate cause of the plain-

tiff's injuries as alleged in count two are the same as in count one, except that where "knowing" appears in (b), supra, the words "when in the exercise of ordinary care defendant and defendant's wife should have known" are used, and where "knew" appears in (c), supra, the words "should have known" are used.

The defendant demurred generally to each count of the petition, the demurrers were overruled, and he excepted.

██ An invited guest in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising only slight care for his safety, is one who is riding in or upon the automobile by invitation of the owner or operator solely for the benefit of the guest, and not for the purpose of conferring any benefit upon his host; whereas an invitee in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising ordinary care for his safety, is one whose presence in or upon the automobile is by invitation of the owner for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording him the pleasure of his company. *Holtsinger* v. *Scarborough*, 69 *Ga. App.* 117 (1,2) (24 S. E. 2d, 869); *Atlantic Co.* v. *Taylor*, 80 *Ga. App.* 25, 30 (55 S. E. 2d, 910). Also, see Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 4, Part 1, § 2291, p. 301 et seq.

█ Where the owner of an automobile, or his agent acting within the scope of his authority, surrenders the possession, authority over, and control of the automobile to another, for purposes of mutual benefit, and where it is intended that the possession, authority over, and control of the automobile by such person will be surrendered to the owner or his agent upon the accomplishment of the intended use, a bailment for mutual benefits exists between the owner or agent, as bailor, and the other party, as bailee, and the bailor owes the bailee a duty of exercising ordinary care in regard to furnishing a vehicle suitable and safe for the intended use. In this connection see *Holt* v. *Eastern Motor Co.*, 65 *Ga. App.* 502, 507 (15 S. E. 2d, 895).

█ The alleged facts in the present case show that the plaintiff was driving the defendant's automobile at the invitation of the defendant's wife, who was acting within the scope of her authority for the benefit of the defendant, in that it was essential that the defendant's wife secure someone to drive before

she could use the car to go to the grocery store to purchase a weekly supply of groceries for the defendant and his family, and that the plaintiff in performing this service secured a means of transportation to and from the grocery store whereby she could also purchase a weekly supply of groceries for her family. Under such circumstance the plaintiff was not the defendant's invited guest in the automobile, as above defined, to whom the defendant, and his wife as his agent, owed a duty of slight care for her safety, but she was either an invitee or a bailee, as above defined, depending upon certain conditions hereinafter discussed, to whom the defendant and his wife, as his agent, owed the duty of exercising ordinary care for her safety. If there was no surrender of possession, authority over, and control of the automobile to the plaintiff, and the defendant's wife, as his agent, directed the movements and use of the automobile, it would appear that the status of the plaintiff while driving the automobile was that of an invitee to whom the defendant owed the duty of exercising ordinary care, but if there was a surrender of possession, authority over, and control of the automobile for the accomplishment of its intended use, the status of the plaintiff in regard to the defendant while driving was that of a bailee of the automobile for the mutual benefit of the parties to whom the defendant owed the duty of exercising ordinary care for her safety. In either event the defendant was under the same duty of exercising ordinary care for the protection and safety of the plaintiff in such use of his automobile.

What specific acts are negligence, in the absence of legal definition, or whose negligence caused or contributed to an injury, under a given state of facts and circumstances, are ordinarily jury questions, and the courts will not undertake to determine whose negligence caused or contributed to an injury, except in clear and palpable cases. Under the alleged facts and circumstances, what was required of the plaintiff and the defendant in the exercise of ordinary care is a question of fact for the jury. This court cannot say that it affirmatively appears that the plaintiff was guilty of a failure to exercise ordinary care which was the proximate cause of her injuries because she apparently started using the automobile without determining the condition of the brakes, or that, if the defendant was guilty of negligence

in the matter, she could have avoided consequences of this negligence by determining the condition of the brakes, or by other measures after she discovered the condition of the brakes after the automobile was moving. The proper test is what an ordinarily prudent person would do under the same or similar circumstances, and whose acts or failure to act under these circumstances caused or contributed to the injury, and a jury is the proper agency to apply such a test under the alleged facts. It is a matter for a jury to determine whether an ordinarily prudent person would or would not have used the automobile without determining the condition of the brakes, or whether an ordinarily prudent person could have avoided injury after discovering the condition of the brakes once the automobile was under way, and to then determine whose negligence caused or contributed to the injury. This court is of the opinion that each count of the petition shows a cause of action, and that the trial judge properly overruled the general demurrers to each count of the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*