33919.   BURKS *v.* GREEN *et al.*

DECIDED FEBRUARY 19, 1952.

*Geo. Starr Peck*, for plaintiff.
*Harold Karp, Ferrin Mathews*, for defendants.

TOWNSEND, J. (After stating the foregoing facts.) This court has held that one who turns over to another for his own use an automobile which he knows to be defective, and which the driver does not know to be defective, is liable to the latter for injuries proximately caused by the defective instrumentality. *Nash* v. *Reed,* 81 *Ga. App.* 473 (59 S. E. 2d, 259); *McDaniel* v. *Jones,* 58 *Ga. App.* 495 (199 S. E. 233); *Evans* v. *Carroll,* 85 *Ga. App.* 227 (68 S. E. 2d, 608). See also, to the same effect, Foster *v.* Farra, 117 Ore. 286 (243 Pac. 778); Jones *v.* Raney Chevrolet Co., 213 N. C. 775 (197 S. E. 757); 2 Blashfield's Automobile Law 1335, § 16. This court has also held that one who turns an automobile over to another for his own use, knowing such other is incompetent to drive the same, may be held liable by third persons who suffer injuries proximately resulting from such incompetent driving. *Nugrape Bottling Co.* v. *Knott,* 47 *Ga. App.* 539 (1) (171 S. E. 151); *Crisp* v. *Wright,* 56 *Ga. App.* 338 (192 S. E. 390); *Durden* v. *Maddox,* 73 *Ga. App.* 491, 493 (37 S. E. 2d, 219). See also Elliott *v.* Harding, 107 Ohio 501 (140 N. E. 338, 36 A.L.R. 1128). This case, of course, is not predicated on the theory that the automobile in question was defective, or that the driver was incompetent to drive the type of automobile to which she had been accustomed. However, the rules laid down in these cases are applicable, because the reasoning behind both these rules of law is that, though the act itself be lawful, yet if in its effects or consequences it is productive of injury to another, and such effects or consequences might in the exercise of ordinary care have been foreseen by the party, he may be held liable.

The case made out against Green and his principal, as alleged in the petition, is that Green, knowing that Mrs. Wilson (a) was accustomed to driving an automobile in which the brake pedal was second from the left, (b) that she had never driven an automobile in which the accelerator was the second pedal from the left, and (c) that he assured her he had given her all the instructions necessary for her to drive safely the automobile, in response to her protest that she knew nothing about the operation of a car with hydromatic drive. The allegations of the petition state facts sufficient to authorize a jury to find that the confusion of the driver in the emergency which immediately followed her taking the car over was the result of her lack of knowledge and

experience in operating an automatic-drive vehicle, which should have been in the exercise of ordinary care foreseen by the defendant Green. The petition at the same time fails to show that the plaintiff also knew or ought to have known these facts, and that for this reason she assumed the risk of possible injury to herself. The petition alleges that the plaintiff also had no experience with an automobile equipped with hydromatic drive; and while it alleges that she was present during the time when the defendant Green was demonstrating the automobile to the defendant Mrs. Wheeler, that allegation also shows that she was present at the time that the defendant Green assured the defendant Mrs. Wheeler that he had given her all instructions necessary.

It is true that this is the first case involving these particular facts. However, "The novelty of the complaint is no objection when an injury cognizable by law is shown to have been inflicted on the plaintiff . . . Where the case is only new in instance, and the sole question is upon the application of a recognized principle to a new case, 'it will be just as competent to courts of justice to apply the principle to any case that may arise two centuries hence as it was two centuries ago." *Pavesich* v. *New England Life Ins. Co.*, 122 *Ga.* 190 (50 S. E. 68). As stated in Restatement of the Law of Torts, Vol. II, p. 1044: "There are many chattels which, even though perfect, are unsafe for any use or for the particular use for which they are supplied unless their properties and capabilities are known to those who use them. If such a chattel is supplied to another whom the supplier should realize to be unlikely to know its properties and capabilities, the supplier is required to exercise reasonable care to give to the other such information as he himself possesses." Granting that an automobile is not per se a dangerous instrumentality (*Fielder* v. *Davison*, 139 *Ga.* 509, 77 S. E. 618), yet when operated by an incompetent driver it may become so. As stated in 42 C. J. 1078, § 836: "The owner of a motor vehicle may be held liable for a resulting injury upon the ground of negligence where he intrusts the operation his vehicle to an inexperienced or incompetent driver with knowledge of such incompetency, some of the cases resting upon the theory that in so doing he converts the vehicle into a dangerous instrumentality. This liability does not

rest upon the doctrine of respondeat superior, but nevertheless the injurious conduct of the driver resulting from his incompetency is a necessary factor in the liability of the owner. Hence, the operator need not have been the servant or agent of the owner, and may have been engaged upon his own personal business. This duty and liability applies as to a guest in the owner's vehicle as well as to a stranger on the highway." The decisions of *McDaniel* v. *Jones,* 58 *Ga. App.* 495 (199 S. E. 233), and *Harris* v. *Whitehall Chevrolet Co.,* 55 *Ga. App.* 130 (189 S. E. 392) are distinguished on their facts because in those cases the negligence of the driver, a prospective purchaser, could not reasonably have been anticipated by the automobile dealer furnishing the vehicle.

It is alleged that the defendant Green was an agent of the defendant West Peachtree Motors Inc., and at the time of giving the instructions to the defendant Mrs. Wheeler and turning the automobile over to her he was acting within the scope of his employment. The allegations of negligence against the defendant Green are therefore imputable to the defendant West Peachtree Motors Inc. They are sufficient, if supported by evidence, to authorize a jury to find that the defendant Green in the exercise of ordinary care should have anticipated that the defendant Mrs. Wheeler was incompetent to drive the automobile, and that it was, when operated by her under the conditions alleged in the petition, likely to become a dangerous instrumentality.

The trial court erred in sustaining the general demurrers of the defendants, Ralph Green and West Peachtree Motors Inc., and in dismissing the petition as to them.

*Judgment reversed. McIntyre, P. J., and Gardner, J., concur.*