### 36286. YOUNG *v.* KOGER *et al.*

Decided November 2, 1956.

*Randall Evans, Jr.,* for plaintiff in error.

*E. D. Fulcher, Fulcher, Fulcher & Hagler,* contra.

NICHOLS, J. 1. One of the defendants in error in the present case filed a motion to dismiss the bill of exceptions and bases such motion on the decision of the Supreme Court in *Clay* v. *Floyd,* 208 *Ga.* 374 (66 S. E. 2d 916). In that case 82 days intervened between the date the bill of exceptions was tendered to the trial judge and the date it was certified without any explanation in the record of the delay and without any effort being shown in the record of the plaintiff in error's attempting to mandamus the trial judge to act on such bill of exceptions.

In the present case the record shows that the bill of exceptions excepted to a judgment dated April 25, 1956; that the bill of exceptions was tendered to the trial judge on April 28, 1956, without any previous notice having been given to the defendants in error of its proposed presentation; that on April 30, 1956, the trial judge issued what amounted to a rule nisi in which it was stated that a hearing would be held on May 12, 1956, to determine the correctness of the bill of exceptions; and that on the day set for the hearing, May 12, 1956, the trial judge certified the bill of exceptions.

In the decision of the Supreme Court in *Clay* v. *Floyd,* 208 *Ga.* 374, 377, supra, relied on by the movant, it was said: "We do not think that § 6-1312 of the Code . . . prohibits a dismissal of the writ of error when the bill of exceptions is presented in

time, but held by the trial judge unsigned for an unreasonably long period of time with the express or tacit acquiescence of the plaintiff in error; and tacit acquiescence in the judge's failure to sign a bill of exceptions results from a failure of the plaintiff in error or his counsel to use the facilities of the law when the judge retains the bill of exceptions, for no sufficient cause, after the time prescribed by law for its certification has expired." Inasmuch as the record shows in the present case that an order was issued by the trial judge 2 days after the bill of exceptions was tendered to him setting a date for a hearing to determine the correctness of the bill of exceptions, and that on the day of the hearing the trial judge certified the bill of exceptions, it cannot be said that the trial judge retained the bill of exceptions for no sufficient reason after the time provided by law, and a dismissal of the bill of exceptions in the present case would be in violation of Code § 6-1312. Therefore the motion to dismiss the writ of error must be overruled.

2. The defendant Koger impliedly concedes in his brief that the action of the trial court in sustaining his general demurrer was proper only if the petition failed to set forth a cause of action against the defendant Miss Irene Young who was the only defendant who was alleged to be a resident of McDuffie County, Georgia, where the action was filed. If the trial court was correct in sustaining the demurrer filed by Koger because the petition failed to set forth a cause of action against the resident defendant, then the judgment dismissing the action as to both defendants was correct inasmuch as the demurrer went to the "very vitals of the plaintiff's case" and necessarily inured to the benefit of the resident defendant (who filed no demurrer) as well as to the nonresident defendant who filed the general demurrer. See *Peoples Loan Co.* v. *Allen,* 198 *Ga.* 516, 519 (32 S. E. 2d 175) ; and *Goodwin* v. *Candace, Inc.,* 92 *Ga. App.* 438 (88 S. E. 2d 723).

3. "This court has held that one who turns over to another for his own use an automobile which he knows to be defective, and which the driver does not know to be defective, is liable to the latter for injuries proximately caused by the defective instrumentality. *Nash* v. *Reed,* 81 *Ga. App.* 473 (59 S. E. 2d 259) ; *McDaniel* v. *Jones,* 58 *Ga. App.* 495 (199 S. E. 233) ; *Evans* v. *Carroll,* 85 *Ga. App.* 227 (68 S. E. 2d 608). See also, to the same

effect, Foster *v.* Farra, 117 Ore. 286 (243 Pac. 778); Jones *v.*
Raney Chevrolet Co., 213 N. C. 775 (197 S. E. 757); 2 Blash-
field's Automobile Law 1335, § 16." *Burks* v. *Green,* 85 *Ga. App.*
327, 329 (69 S. E. 2d 686). In *Holt* v. *Eastern Motor Co.,* 65
*Ga. App.* 502 (15 S. E. 2d 895), it was held that where a person
furnishes an automobile to another for the mutual benefit of both
and such automobile has a latent defect which proximately causes
an injury to a third party (a guest in such automobile), the de-
fendant who furnished such defective automobile is liable for the
injuries. Therefore, since the petition in the present case alleged
a latent defect unknown to the driver or the plaintiff, but known
to the defendant Miss Irene Young, if the allegations of the pe-
tition show that this defect was a contributing cause to the
collision and the plaintiff's injuries, the trial court erred in sus-
taining the defendant Koger's general demurrer.

An examination of the petition reveals that it was alleged that
the driver of the car owned by the defendant Miss Irene Young
saw the truck overtaking her from the rear and that she realized
that unless she increased her speed the truck would collide with
the car being driven by her. The petition then alleges that, while
the truck was traveling approximately 65 miles per hour, and
while the automobile was traveling approximately 35 miles per
hour, they maintained a distance between them of approximately
10 yards while they traveled 100 yards. This allegation is physi-
cally impossible because the truck would have overtaken the
automobile before the automobile traveled 13 yards from the
beginning of the 100-yard stretch and the collision would have
taken place before the driver of the automobile was alleged to
have applied the brakes while attempting to speed up the auto-
mobile being driven by her.

Therefore, the petition in this case, in accordance with the
plain and obvious allegations of the pleader, and without adding
any inferences to make a stronger construction against her, shows
that the collision was not due to any alleged defect in the automo-
bile furnished by the defendant Miss Irene Young but was due
solely to the negligence of the defendant Koger, or to the negli-
gence of the truck driver, Truitt, or to the negligence of Koger
and Truitt jointly.

Accordingly, the judgment of the trial court sustaining the gen-

eral demurrer of the defendant Koger, a nonresident, and in dismissing the action as to both defendants was not error for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*