### 42766. SCARBOROUGH v. MARTHA WHITE MILLS OF GEORGIA, INC. et al.

JORDAN, Presiding Judge. 1. The record in this court discloses service of the notice of appeal by counsel for the plaintiff, as appellee, on counsel who represented both the individual and corporate defendants in the proceedings in the lower court. In view of this fact the appeal is deemed to meet in substance the requirements of Sec. 4 of the Appellate Practice Act as amended (Ga. L. 1966, pp. 493, 495; *Code Ann.*

§ 6-802) that all parties to the proceedings in the lower court are parties on appeal and shall be served with a copy of the notice of appeal. The appellant and the corporate appellee, however, have treated the individual appellee as eliminated from the proceedings, apparently because the judgment in the lower court was entered against the corporate defendant only, notwithstanding a jury verdict against both defendants. Thus, in the posture of the case as presented on appeal, based on a judgment binding the corporate appellee only, the issue of any liability on the part of the individual appellee is not before the court for decision.

2. Counsel for the appellant asserts in his first enumerated error that the trial court permitted opposing counsel to elicit testimony from the appellant that he had received sick leave from his employer and had suffered no monetary loss of earnings because of his absence from work. This contention is not supported by the record. Although the appellant did testify generally on cross examination that he was entitled to sick leave from his employment as a school teacher without deduction from his pay, there is no evidence that he actually received sick pay for his absence on the occasion in issue. On the contrary, he claimed in his petition the loss of $90 in earnings, and his uncontradicted testimony supports this claim, around $15 per day for six days, although he also testified he was not sure of the exact amount. The trial judge instructed the jury to the effect that in the event of a finding for the plaintiff he was entitled to recover for lost earnings as shown by the evidence, but not in excess of the amount claimed. The verdict for $750 far exceeds this claimed loss of earnings and other specific losses. This enumerated error is without merit.

3. The remaining three enumerated errors are directed to instructions on liability and the failure to instruct concerning liability. As the jury resolved the issue of liability favorably to the appellant, any error in this respect would be harmless to the appellant.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED MAY 4, 1967—DECIDED MAY 17, 1967.

*Roberts & Thornton, Jack M. Thornton,* for appellant.
*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellees.