43177, 43178, 43179.   SAUNDERS et al. v. VIKERS (three cases).

JORDAN, Presiding Judge.   In these three cases the occupants of one passenger automobile are suing the driver and the owner of another for personal injuries and property damage sustained as the result of a collision at a street intersection in Brunswick, Ga., on March 19, 1966.   The plaintiffs allege that the owner lent his automobile to the driver, knowing that the driver was incompetent and reckless, that the driver's negligence is imputable to the owner, and that the driver was negligent in failing to stop for a red light, driving at an excessive speed, and driving in a reckless manner in violation of a city ordinance.   Their petitions show an arrest record of the driver in Brunswick on four dates and five charges in 1964 and 1965, for being drunk in a motor vehicle, drunk on the streets and reckless driving, drunk in a motor vehicle, and drunk on the streets.   In a deposition the owner admits lending his automobile to the driver and that he knew the driver "got a ticket one time in town for reckless driving." He thought "he squealed tires, or something."   The owner was not in the automobile when the collision occurred.   The driver in his deposition admits pleas of guilty on three occa-

sions for traffic offenses, all involving driving under the influence and including one incident "for squealing my tires." He testified that the owner knew about "the time that my tires squealed." The plaintiffs' affidavits reiterate their allegations that the owner lent his automobile to the driver knowing that he was an incompetent and reckless driver and with knowledge of his arrest records. The owner moved for summary judgment, and he and the driver appeal from the overruling of the motion on August 30, 1967. *Held:*

1. Although the driver defendant is named as an appellant the rulings on the motions for summary judgment apply to the other defendant, and no issue of liability of the driver is before this court for decision except as it affects the liability of the owner. See *Scarborough v. Martha White Mills,* 115 Ga. App. 737 (155 SE2d 818).

2. To entitle the defendant owner of the automobile to a summary judgment, the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence. *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193) ; *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805).

3. Unlike the rule of strict construction against the pleader on demurrer (as to rulings antedating the effective date of the new Civil Practice Act) the party opposing a motion for summary judgment is entitled to a liberal construction in his favor of the pleadings and evidence. *Sanders v. Alpha Gamma Alumni Chapter of Delta Sigma Phi Fraternity,* 106 Ga. App. 137, 140 (126 SE2d 545) ; *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408) ; *Malcom v. Malcolm,* 112 Ga. App. 151, 154 (144 SE2d 188) ; *Undercofler v. Grantham Transfer Co.,* 114 Ga. App. 868, 870 (152 SE2d 900) ; *Lucas v. Mixon,* 116 Ga. App. 146, 149 (156 SE2d 375).

4. It is manifestly clear from the pleadings and evidence in these cases that the transaction between the owner defendant and the driver defendant is that of a bailment which does not create any relationship of principal and agent or master and servant for application of the doctrine of respondeat superior so as to impute the alleged negligence of the driver to the owner. *Code* §§ 12-101, 105-108, 105-205; *Harris v. Whitehall Chevrolet Co.,* 55 Ga. App. 130 (1) (189 SE 392) ; *McDaniel v. Jones,* 58 Ga. App. 495 (199 SE 233) ; *Graham v.*

*Cleveland,* 58 Ga. App. 810 (200 SE 184) ; *Thornton v. Stewart,* 104 Ga. App. 6 (2) (120 SE2d 899) ; *Cleckler v. Williams,* 104 Ga. App. 72 (121 SE2d 44) ; *Hines v. Bell,* 104 Ga. App. 76 (1) (120 SE2d 892) ; *McKinney v. Burke,* 108 Ga. App. 501, 504 (133 SE2d 383). Accordingly, the plaintiffs are not entitled to recover from the defendant owner of the automobile by application of the doctrine of respondeat superior.

5. This leaves for consideration the theory of negligent entrustment, whereby liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. *Nugrape Bottling Co. v. Knott,* 47 Ga. App. 539 (171 SE 151) ; *Burks v. Green,* 85 Ga. App. 327 (69 SE2d 686) ; *Gay v. Healan,* 88 Ga. App. 533 (4) (77 SE2d 47) ; *Vaughn v. Butler,* 103 Ga. App. 884, 887 (2) (121 SE2d 72) ; *McKinney v. Burke,* 108 Ga. App. 501, supra; *Roebuck v. Payne,* 109 Ga. App. 525 (2, 3) (136 SE2d 399).

6. In the argument in the brief counsel challenges the sufficiency of the allegations of the petition to show that the driver was an incompetent and habitually reckless driver, pointing out that of the five alleged offenses only one deals directly with the operation of a motor vehicle, and that in any event there appears to be no connection between the charges for drunkenness and the operation of a motor vehicle. These offenses take on a different meaning, however, in the light of the admissions of the driver of pleas of guilty to at least three traffic offenses, the details of which, except for the arrest record, are not before the court. We do not think that the pleadings and evidence before this court eliminate the incompetency or recklessness of the driver as an issue for jury consideration. The contrary ruling in *Marques v. Ross,* 105 Ga. App. 133, 139 (123 SE2d 412), where the driver had held a driver's license for more than 10 years, during which time he had received two traffic tickets, the most recent being some two years before the incident out of which the case arose, a speeding violation resulting in a license suspension, does not require a different conclusion under the facts now before the court in the present cases. Moreover, the result in the *Marques* case

is also controlled by the owner's lack of knowledge of the driving record of the operator.

7. As to the actual knowledge of the owner that the driver was an incompetent and habitually reckless driver, the owner admits knowledge only of a single incident of reckless driving, and the extent of his knowledge is confirmed by the driver. The statement by the plaintiffs in their affidavits that the owner knew that the driver was incompetent and reckless and knew of his prior arrest record, without any showing of evidence to disclose actual knowledge, is merely a conclusion, and as such is of no probative value in overcoming the owner's sworn statement concerning the extent of his actual knowledge. See *Roebuck v. Payne,* 109 Ga. App. 525, supra, at p. 527. In *Hines v. Bell,* 104 Ga. App. 76, 83, supra, this court rejects the test as stated in *Holt v. Eastern Motor Co.,* 65 Ga. App. 502, 508 (15 SE2d 895), but which did not control the result in the case, to the effect that knowledge may be shown as a basis for liability in the absence of actual knowledge if it appears that the owner had reason to believe that the driver was an incompetent operator, and relies instead on the ruling in the older case of *Graham v. Cleveland,* 58 Ga. App. 810, supra, at p. 815, recognizing the test as one of actual knowledge. In the *Marques* and *Roebuck* cases, supra, as well as others, this court further recognizes the test as *actual knowledge* of habitual recklessness. In other words, the conduct of the driver must show a pattern of continued recklessness *known* to the owner, although incompetency may arise for other reasons not involving a pattern of conduct, but not here applicable, e.g., lending an automobile to a person known to drink or known to have a physical defect rendering him incompetent to drive. However difficult it may have been to the plaintiffs when faced with the owner's statement of his limited knowledge of a single incident of recklessness, it was incumbent upon them to show in opposing the motions for summary judgment that he had actual knowledge of a pattern of reckless driving or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination. See *Scales v. Peevy,* 103 Ga. App. 42, and *Hines v. Bell,* 104 Ga. App. 76, both supra.

8. As the record negates any right of recovery by the plaintiffs against the defendant owner under the theory of respondeat

superior or negligent entrustment, the trial judge erred in overruling the motions for summary judgment.

*Judgment reversed.  Deen and Quillian, JJ., concur.*
SUBMITTED NOVEMBER 9, 1967—DECIDED NOVEMBER 27, 1967.

*Conyers, Fendig, Dickey & Harris, J. Thomas Whelchel,* for appellants.

*J. S. Hutto,* for appellee.