71637. STEPHENS et al. v. THOMPSON.
(339 SE2d 784)

BANKE, Chief Judge.

The appellants leased a "dump trailer" from the appellee for a period of several days, with a view towards deciding whether they wished to purchase it. Prior to taking possession, they signed a memorandum agreeing to take responsibility "for any negligible (sic) damage up to $6,500.00 (value of trailer)." While the appellants were us-

ing the trailer, it overturned, with the result that it suffered extensive damage. It was subsequently repaired at a cost to the appellee of $4,300.

The appellee brought the present action against the appellants to recover for the damage to the trailer and for loss of use, alleging that the accident had occurred as the result of negligence on their part. The appellants presented no defense at the trial of the case, with the result that the trial court directed a verdict in the appellee's favor on the issue of liability. The jury returned a verdict awarding the appellee damages in the amount of $5,900, and this appeal followed. *Held*:

1. The appellants' initial contention is that because the appellee failed to present any evidence to establish how the accident had actually occurred, there was no prima facie showing of negligence on their part. However, the evidence was clearly sufficient to authorize a recovery based on principles of bailment.

"A bailment is a delivery of goods or property upon a contract, express or implied, to carry out the execution of a special object beneficial either to the bailor or bailee or both and to dispose of the property in conformity with the purpose of the trust." OCGA § 44-12-40. The transfer of property by a seller to a prospective purchaser on approval clearly creates a bailment under the statute. See *Harris v. Whitehall Chevrolet Co.*, 55 Ga. App. 130 (1) (189 SE 392) (1936).

"In all cases of bailment, after proof of loss by the bailor, the burden of proof is on the bailee to show proper diligence." OCGA § 44-12-44. Accord *Harper Warehouse v. Henry Chanin Corp.*, 102 Ga. App. 489 (14), 496-497 (116 SE2d 641) (1960). Since the appellants introduced no evidence tending to show that the damage to the vehicle was not attributable to a lack of due diligence on their part, it follows that their liability was established as a matter of law.

2. The appellants contend that the trial court erred in admitting into evidence, over their objection, a statement purporting to show the manner in which the repair bill paid by the appellee had been computed. Although we agree with the appellants that a proper foundation was not established for the introduction of this document and that it consequently should not have been admitted, its admission could not have been prejudicial to them in that the evidence otherwise established, without dispute, both the amount of the bill and that the charge was a reasonable one. Consequently, this enumeration of error establishes no ground for reversal.

3. The appellants' final contention is that the trial court erred in charging certain legal principles relating to bailment when the issue of liability was no longer before the jury. It is not asserted that the charge in question was incorrect, nor is it suggested how the charge could have prejudiced the appellants. Accordingly, this enumeration of error also fails to establish any ground for reversal.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*Massie H. McIntyre*, for appellants.
*Malcolm F. Bryant, Jr.*, for appellee.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*