46156, 46157.   SCARBOROUGH et al. v. MURRAY (two cases).

DEEN, Judge. 1. To change the status of a guest passenger in an automobile to that of an invitee there must be an express or implied invitation by the operator for the purpose of conferring some substantial benefit upon the host greater than merely affording him the pleasure of the guest's company. *Nash v. Reed,* 81 Ga. App. 473 (2) (59 SE2d 259); *McBee v. Williamson,* 96 Ga. App. 859 (101 SE2d 910). Where the defendant driver made a social call on the plaintiff and they mutually decided to go for a ride on the beach in the defendant's automobile, the plaintiff was a guest passenger to whom the defendant owed the duty of exercising slight care.

2. The defendant drove the automobile into a yard on a corner lot at a place where the occupants were unknown and the area unfamiliar; parked for a few minutes, and then attempted to drive slowly through the yard, not on the driveway, toward the street. The car struck an unseen obstacle and stopped, and immediately afterward caught on fire as the result of the ignition of gas escaping from a storage tank buried in the yard which had been damaged by contact with a wheel of the vehicle. The defendant's contention that he was not guilty of gross

negligence because, although driving slowly with his lights on, it was impossible for him to see the tank may present a jury defense but it does not do so as a matter of law. It does not appear that the yard was intended for vehicular use, that the defendant had any right there, or that the tank was completely hidden. The trial court properly denied the motions for summary judgment urged by the defendant against the minor plaintiff and her father in their actions for damages.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
ARGUED MAY 3, 1971—DECIDED JUNE 14, 1971.

*Willis J. Richardson, Jr., Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.
*Anton F. Solms, Sr.,* for appellees.