Matthew EASON, Plaintiff-Appellee-Cross Appellant,

v.

George L. WEAVER, Defendant-Appellant-Cross Appellee.

No. 73-1833.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1973.

J. Walker Harper, Augusta, Ga., for appellant.

Albert M. Pickett, O. Torbitt Ivey, Jr., Augusta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This automobile accident diversity case was tried before the court without a jury and a judgment for the plaintiff Eason was entered in the amount of $195,922.00. The defendant Weaver appealed and argues that, under Georgia law, the district court held him to an improperly high standard of care. Eason cross-appealed and asserts that the amount of the judgment is insufficient. We affirm.

The only question with which we must concern ourselves on the main appeal is whether Eason was an invitee in the car rented by Weaver and thus

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Weaver owed him a duty of ordinary care, or whether Eason was a mere guest and thus Weaver owed him only a duty of slight care. *See generally* Scarborough v. Murray, 1971, 124 Ga.App. 30, 183 S.E.2d 216; Wright v. Dilbeck, 1970, 122 Ga.App. 214, 176 S.E.2d 715; Nash v. Reed, 1950, 81 Ga.App. 473, 59 S.E.2d 259. The district court, applying Georgia law as it was bound to do, concluded that there was an agreement between Eason and Weaver to share the expense of the rented car for the evening and that this was sufficient to make Eason an invitee entitled to the exercise of ordinary care. A review of the record convinces us that this finding is not only not clearly erroneous, Fed.R. Civ.P. 52(a), but is fully supported by the evidence.

There being no question about Weaver's failure to exercise ordinary care, the only other issue left for our determination is the adequacy of damages raised by Eason's cross-appeal. Eason was a young soldier and it was stipulated that the computation of any lost earnings would be based on Army pay scales and promotion records, with it assumed that he would have pursued a career in the Army. The damages awarded include an amount for 50 years of lost wages computed in accordance with present pay-scales and retirement pension rates. Eason points out, however, that an expert witness testified, without contradiction, that enlisted men's pay scales have historically increased approximately 4% a year and that the Consumer Price Index has increased approximately 3% per year. Thus he argues that his award should have been adjusted from present pay scales to incorporate these historical developments. Additionally, he maintains that 10 U.S.C.A. § 1401a, which requires retirement pay to be adjusted according to changes in the Consumer Price Index, also controls the portion of the award attributable to his retirement pay.

 The weight to be accorded unimpeached expert opinion evidence is solely for the judge sitting without a jury. While he may consider such testimony, he is not bound to accept it. We have examined the record carefully, with particular reference to the testimony of the expert witness on military pay scales, and we are unable to conclude that the district court's computation of lost earnings with reference only to present pay scales was clearly erroneous.[1]

Affirmed.

---

1. Although it was not properly raised before this court, we have noted Weaver's argument that the damages should be decreased to reflect Eason's current pension from the Veterans Administration. We similarly can perceive no clear error in the damage award from this source.

