**Donald E. PRICE and Joyce Price et al., Plaintiffs-Appellees,**

v.

**ADMIRAL CORPORATION, Defendant-Appellant.**

No. 75–1726
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 18, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Jerry O. Terry, W. Raymond Hunter, Gulfport, Miss., for defendant-appellant.

H. Bernard Gautier, W. Roberts Wilson, Jr., Pascagoula, Miss., for plaintiffs-appellees.

AINSWORTH, Circuit Judge:

In May 1969, plaintiffs Donald and Joyce Price purchased an Admiral refrigerator from a franchised dealer, whose serviceman inspected and installed the refrigerator in plaintiffs' residence. In August 1971, plaintiffs' home was destroyed by fire, the origin of which was in the immediate vicinity of the refrigerator's circuit. Plaintiffs filed a diversity complaint based on strict products liability in tort against Admiral Corporation, the manufacturer of the refrigerator, and General Electric Corporation, the manufacturer of a circuit breaker installed in plaintiffs' house. Plaintiffs alleged that the cause of the fire was the malfunction of the refrigerator and the circuit breaker. At the close of plaintiffs' evidence, the trial court granted General Electric's motion for a directed verdict but denied a similar motion made by Admiral Corporation. Admiral called no

witnesses and presented no evidence. The jury returned a verdict in favor of plaintiffs and against Admiral in the sum of $57,656. Motions for judgment n. o. v. and a new trial were denied and Admiral appealed.

Plaintiffs' theory is that a malfunction within the refrigerator caused overheating in the refrigerator circuit resulting in the fire which destroyed their home. There was considerable interior damage to the refrigerator and the circuitry was almost destroyed.

The principal contention of Admiral on appeal is that the court erred in denying its motion for a directed verdict.

In determining the sufficiency of evidence to create a jury question in a diversity case in connection with motions for a directed verdict or judgment n. o. v., we employ a federal test which is articulated as follows:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case— but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

*Boeing Company v. Shipman*, 5 Cir., 1969, 411 F.2d 365, 368, 374. With these principles in mind, we examine the evidence and the contentions of Admiral.

■ Admiral first contends that plaintiffs failed to meet their burden of proof in establishing the requirements of strict liability under Mississippi substantive law. In *Early-Gary, Inc. v. Walters*, Miss., 1974, 294 So.2d 181, the latest reported Mississippi Supreme Court decision relating to products liability, the Court discussed the standard by which the liability of a manufacturer is measured for injuries received as a result of the manufacturer's product. The Court held that there must be proof establishing that plaintiff was injured from a defect in the product which rendered it unreasonably dangerous and that the defect existed at the time it left the hands of the manufacturer, citing *State Stove Manufacturing Co. v. Hodges*, Miss., 1966, 189 So.2d 113. 294 So.2d at 186.

The record shows uncontradicted proof that no work had been done on the refrigerator from the time of its delivery in the manufacturer's crate until the time of the fire and that there was no misuse of the product by plaintiffs. Thus a defect, if one existed, was present when it left the control of the manufacturer.[1] See *Ford Motor Co. v. Matthews*, Miss., 1974, 291 So.2d 169; *Early-Gary, Inc. v. Walters, supra*.

Admiral contends, however, that there is no direct proof of the existence of a defect or the causal connection between the defect and the damage suffered. Admiral attributes the fire and resultant damage to the failure of the General Electric circuit breaker to function properly.

The origin of the fire was established by the testimony of the Fire Marshal, the Assistant Fire Marshal, and a qualified fire expert, Richard Payne, to be in the locus of the refrigerator's circuit receptacle and outlet directly behind the refrigerator. It was further shown by Payne that the insulation on the wire leading from the refrigerator to the wall socket was dry and powdery which indicated to him that the source of the heat was internal. Plaintiff Donald Price testified that there were no other outlets on the refrigerator circuit, and that the

---

1. In *State Stove v. Hodges*, Miss., 1966, 189 So.2d 113, cited by appellant, the product was altered subsequent to its leaving the manufacturer's control, and is therefore inapplicable.

flames came from behind the refrigerator. James Stone, an electrical engineer, corroborated the testimony of plaintiff that there were no other outlets on the refrigerator circuit.

Joseph E. Leininger, an expert consulting mechanical electrical engineer, testified that he had examined the interior components of the refrigerator. There were indications of an abnormally high flow of current in the circuit which would tend to create a local heating effect where the plug was inserted into the receptacle, and that this excessive flow of current was caused by an electrical malfunction of one of the internal components of the refrigerator. In his opinion, the refrigerator's fan motor was the offending object.[2]

There was abundant evidence, direct and circumstantial, from which the jury could infer that a defect existed in the refrigerator, without pinpointing that defect.[3] In *Ford Motor Company v. Matthews*, Miss., 1974, 291 So.2d 169, the Mississippi Supreme Court held that it is unnecessary for a plaintiff to prove a specific defect in a product in a cause of action based on strict liability. In upholding a judgment in favor of plaintiff, the Court quoted with approval the following excerpt from 2 Frumer and Friedman, Products Liability § 16A[4]e, at 3–306 to 3–310 (1973):

> Absolute proof that injury was the result of the defect is not essential, and the burden of proof can be satisfied by showing sufficient facts to allow a jury to infer defective quality and that such defective quality was a substantial element in producing the claimant's injury.

291 So.2d at 173. *See also Ford Motor Company v. Cockrell*, Miss., 1968, 211

So.2d 833; *Early-Gary, Inc. v. Walters*, Miss., 1974, 294 So.2d 181, *supra*, and *Alman Bros. Farms & Feed Mill, Inc. v. Diamond Lab., Inc.*, 5 Cir., 1971, 437 F.2d 1295, affirming a judgment of the United States District Court for the Southern District of Mississippi. Additionally, the Supreme Court of Mississippi has held that the causal relation between an agency and an injury can be proved circumstantially. *Goodyear Tire and Rubber Co. v. Brashier*, Miss., 1974, 298 So.2d 685, 688; *Tombigbee Electric Power Ass'n v. Gandy*, 1953, 216 Miss. 444, 62 So.2d 567, 570.

Applying the standards of *Boeing Company v. Shipman, supra*, we conclude that the trial court correctly denied Admiral's motion for a directed verdict.

We have considered the two additional issues raised by Admiral but find them to be without merit. Admiral contends that the district judge erred in allowing Leininger to testify in response to a hypothetical question allegedly not supported by the evidence. Apart from the testimony of Leininger, who was subjected to extensive cross-examination, there was adequate proof to support the jury's verdict. Moreover, a jury is at liberty to accept or reject expert testimony. *Jenkins v. General Motors Corporation*, 5 Cir., 1971, 446 F.2d 377; *Campbell v. Tennessee Valley Authority*, 5 Cir. 1969, 421 F.2d 293. *Alman Bros. Farms & Feed Mill, Inc. v. Diamond Lab., Inc., supra*. Finally, Admiral contends that the district court prejudiced its case by directing a verdict in favor of General Electric, although it concedes that in view of its failure to object thereto it has little standing to complain in this respect. We find no error. Admiral's theory that the failure of the circuit

---

**2.** *Hertz Corporation v. Goza*, Miss., 1975, 306 So.2d 657, and *Goodyear Tire and Rubber Company v. Brashier*, Miss., 1974, 298 So.2d 685, cited by appellant for the proposition that inferences pyramided on inferences amount to no more than speculation or conjecture, are factually distinguishable.

**3.** Appellant Admiral cites *Coleman v. Ford Motor Company*, Miss., 1970, 240 So.2d 607, as authority that strict liability requires proof of a product defect. We have no quarrel with this statement, nor is the holding of that case in conflict with the present decision. The court there held proper a jury instruction to the effect that even though the jury found a defective product to be the sole cause of an accident, it could nevertheless find for defendant if the product left the manufacturer in a reasonably safe condition for intended use.

breaker to operate was the proximate cause of the fire is without evidentiary support.

Affirmed.