**Minnie E. PITTMAN, Plaintiff-Appellee,**

v.

**James O. GILMORE, M.D., Defendant-Appellant.**

No. 75–2818.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1977.

**1260**

W. P. Mitchell, Claude F. Clayton, Jr., Tupelo, Miss., for defendant-appellant.

James S. Cox, Memphis, Tenn., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Mississippi diversity suit involving allegations of medical malpractice, a judgment for $75,000 was obtained by plaintiff, Mrs. Minnie Pittman, against defendant, Dr. James O. Gilmore, a general practitioner in Oxford, Mississippi.

Mrs. Pittman filed her complaint under the Mississippi Wrongful Death Statute, Section 11–7–13, Mississippi Code of 1972 Annotated, alleging that her late husband, Carl Pittman, a patient of the defendant physician, died as a result of failure of defendant to exercise the standard of care ordinarily exercised by general practitioners in the Oxford, Mississippi area.

The case was tried by Judge Orma R. Smith, sitting without a jury, who found that Dr. Gilmore's shortcomings in failing to employ the skill and care and diligence ordinarily possessed by practitioners in the Oxford area was the proximate cause of Mr. Pittman's death.

In the court's bench ruling certain facts were found which we repeat as follows:

The evidence sustains the following finding of facts: Carl Pittman, on January 11th, 1974, was 58 years of age. On that day, he experienced at his home a massive or extensive bleeding from his mouth and from which he threw up or spit out large amounts of blood, some of which were in lumps or cakes. He was immediately carried to the Oxford-Lafayette County Hospital where he was seen in the emergency room by the defendant, Doctor Gilmore, at which time he was subjected to certain blood tests and other examinations with reference to the blood, blood pressure, and things of that nature, and was admitted to the hospital by Doctor Gilmore.

At the time the decedent was admitted to the hospital, Mrs. Pittman, the wife of the decedent, informed Dr. Gilmore that her husband had experienced this extensive loss of blood through the mouth. Mr. Montgomery, a neighbor of the Pittmans who had assisted in bringing Mr. Pittman to the hospital, also informed Dr. Gilmore of the nature of Mr. Pittman's bleeding.

From the time of his admission to the hospital until the morning of January the 13th, at about 4:25 a. m., Mr. Pittman continued to cough up blood at intervals. This intermittent bleeding was not in large amounts but was sufficient to come to the attention of the nurses who had charge of Mr. Pittman in the hospital. At least some of this blood was bright red in color.

The testimony is in conflict as to whether the blood coughed up by Mr. Pittman between his initial episode of bleeding at his home and the final episode of bleeding just prior to his death was the result of pulmonary bleeding or bleeding in the abdominal cavity. There is some testimony in the record which might indicate that this bleeding was the result of blood stored in the body as a result of the massive bleeding which Mr. Pittman experienced on January 11th.

On the morning of January 13th, however, at about 4:25, it is conclusively shown in the evidence that Mr. Pittman experienced another very massive and extensive hemorrhage. Whether the blood came from his lung, abdomen, or esophagus, he experienced bleeding, and this was brought to Doctor Gilmore's attention. Similar blood came from Mr. Pittman's mouth during the period from 4:25 a. m., January 13th, until the next morning, January the 14th, at which time, about 4 o'clock, he experienced another massive hemorrhage from which he expired within ten minutes.

On appeal, the defendant, Dr. Gilmore, contends that the court's findings should be set aside because they are clearly erroneous under Rule 52, Fed.R.Civ.P. Several physicians testified as expert witnesses on both sides. The court in its decision held that defendant, Dr. Gilmore, was not at fault for failing to match Mr. Pittman's blood for possible transfusion or for failing to insert a tube into the nose and stomach of the patient. But he held that the failure of Dr. Gilmore, a general practitioner, to realize the seriousness of Mr. Pittman's illness—he first thought the patient was having trouble with his sinuses—especially after the excessive bleeding episode of January 13, two days after he initially became ill, was negligence and did not conform to the standard of care ordinarily exercised by general practitioners in the Oxford area.

 It is settled law that the weight to be accorded expert opinion evidence is solely within the discretion of the judge sitting without a jury. While he may not arbitrarily fail to consider such testimony, he is not bound to accept it. In the ultimate analysis, the trier of fact is the final arbiter as between experts whose opinions may differ as to precise causes such as here, the precise cause of Mr. Pittman's death. *See Webster v. Offshore Food Service, Inc.,* 5 Cir., 1970, 434 F.2d 1191; *Price v. Admiral Corp.,* 5 Cir., 1976, 527 F.2d 412; *Eason v. Weaver,* 5 Cir., 1973, 484 F.2d 459. We have examined the record carefully, particularly with regard to the expert medical testimony, and find no abuse of discretion in the trial court's findings.

Dr. Gilmore failed to call an expert, a chest surgeon, though one was available in Memphis, Tennessee, 70–75 miles away, and one was also available in Tupelo, Mississippi, 55 miles away. None was available in Oxford. Thus the court found that Dr. Gilmore was not guilty of any negligence which proximately contributed to Mr. Pittman's death except in his failure to call in a specialist in chest surgery. The district court believed that proof showed that there was a probability that Mr. Pittman's life could have been saved had he received that treatment and accordingly cast the defendant in judgment.

Under Rule 52(a) of the Federal Rules of Civil Procedure, a trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Baggett v. Richardson,* 5 Cir., 1973, 473 F.2d 863; *Franks v. National Dairy Products Corporation,* 5 Cir., 1969, 414 F.2d 682. No such error appears in the present case. Having only issues of fact before us, and those having been resolved in favor of Mrs. Pittman and against Dr. Gilmore, there is no alternative but to affirm the judgment of the district court.

AFFIRMED.