**REVISED January 2, 2018**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60831

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2017

Lyle W. Cayce
Clerk

DAVID M. COX,

Plaintiff–Appellant,

versus

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

Before JONES, SMITH, and PRADO, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

David Cox challenges a summary judgment in favor of Provident Life & Accident Insurance Company ("Provident") on breach-of-contract and tortious-breach-of-contract claims stemming from two disability insurance policies that Provident issued to Cox. Under the policies, Cox is entitled to receive disability benefits for life if, and only if, his disability resulted from injury rather than sickness. The district court held that Cox had failed to introduce evidence raising a question of material fact as to the cause of his injury. We disagree

No. 16-60831

and reverse as to the breach-of-contract claim only.

I.

In 1975 and 1987, Cox purchased two separate individual disability income insurance policies from Provident ("the Policies"). The Policies provided coverage for disability caused by injury or sickness and contain provisions tying the period of benefit payments to the cause of the insured's disability. If the insured is rendered disabled at the age of 60 as a result of an *accident or injury*, the Policies provide for lifetime benefit payments. By contrast, if the insured is rendered disabled at the age of 60 as a result of *sickness*, the Policies provide that benefit payments will be paid only until age 65. The greater of the two applicable benefits periods applies when the disability results from a combination of the two.[1]

In 2010, Cox, then 60 years old, injured his left knee when he fell into a hole while walking his dog. Two days later, he saw Dr. Massie Headley, who ordered an MRI of the knee. The MRI revealed joint effusion, a peripheral tear of the medial meniscus, a medial collateral ligament ("MCL") sprain, and degenerative thinning of the articular cartilage. Headley referred Cox to Dr. James O'Mara, who performed arthroscopic surgery to repair the meniscus tear in January 2011.

In February 2011, Cox filed a claim with Provident for disability benefits under the Policies. Provident approved the claim and paid total disability benefits until O'Mara indicated that Cox could return to work without restrictions in March 2011. Provident closed Cox's claim with no further benefits payable.

---

[1] One policy provides that "[t]he fact that a disability is caused by more than one Injury or Sickness or from both will not matter. [Provident] will pay benefits for the disability which provides the greater benefit." The other policy contains no such provision, but Provident does not dispute that, if the insured's disability is caused in whole or in part by injury, benefits are payable for life under both Policies.

No. 16-60831

In July 2011, O'Mara performed a second arthroscopic surgery on Cox's left knee to repair a recurrent medial meniscus tear. Following the surgery, Provident agreed to reopen the disability-benefits claim.

In August 2011, Dr. Walter Shelton took over Cox's care. He noted some improvement to the knee in August and September 2011, though Shelton requested an MRI scan in October 2011 to rule out any other underlying pathology. A subsequent MRI revealed "severe" arthritis in his patellofemoral joint. Shelton performed a diagnostic arthroscopy that revealed that Cox's knee was shedding articular cartilage from his patella, which was causing synovitis and inflammation. Shelton also found extensive grade four chondromalacia of Cox's patella, the most severe and painful form of osteoarthritis or degenerative joint disease. Over the next few years, Shelton performed a range of examinations and procedures on the left knee. In July 2013, after Cox complained to Shelton of pain in his right knee, an MRI revealed grade four chondromalacia or osteoarthritis in that knee similar to his left. Meanwhile, Provident continued to pay Cox total disability benefits under the Policies.

In March 2014, relying on a claim review performed by orthopaedic surgeon Dr. Philip Lahey, Provident advised Cox that his ongoing claim for disability was being administered under the "sickness" provision of the Policies because it considered degenerative arthritis, not the December 2010 injury, to be the cause of Cox's total disability. Cox disagreed and spent the next few months communicating back and forth with Provident about the issue. He ultimately appealed their determination to Provident's in-house appeals unit—they similarly found his disability was a result of degenerative arthritis.

In June 2015, Cox filed this diversity suit, alleging breach of contract and tortious breach of contract against Provident for ceasing to pay benefits. He sought damages, including punitives, in excess of $541,000. The Court

3

No. 16-60831

granted Provident's motion for summary judgment, concluding that Cox had failed to raise a genuine issue of material fact as to (1) whether his disability-causing arthritis was caused by an injury rather than a sickness and (2) whether Provident had breached the Policies or acted in bad faith when it terminated Cox's benefits at the age of 65.

## II.

Cox challenges the summary judgment on two accounts: First, he contends the court disregarded unequivocal deposition testimony from Shelton that the injury contributed to his disability; second, he asserts with little argument that his claim for tortious breach of contract should have been submitted to a jury. Only Cox's first claim has merit, and it shows that summary judgment was improvidently granted.

## A.

Cox presented sufficient evidence to raise a genuine dispute of material fact as to whether his disability resulted from injury *and* arthritis, in which case he would be entitled to lifelong benefits. Shelton, the treating physician, gave deposition testimony that, "to a reasonable degree of medical probability," "the trauma to [Cox's] left knee when he fell in the hole on December 26, 2010, caused or contributed to the cause of his disability." In the same deposition, Shelton reaffirmed that "[e]ven though [Cox] may have had some pre-existing arthritis or chondromalacia," the injury "contributed to and caused part of [Cox's] disability." The district court never grappled with these unequivocal statements, instead embracing contrary evidence presented by Provident suggesting Cox's injury did not accelerate his arthritis. That was error. This is a classic "battle of the experts," the winner of which must be decided by a jury.[2]

---

[2] *Pittman v. Gilmore*, 556 F.2d 1259, 1261 (5th Cir. 1977) ("In the ultimate analysis,

No. 16-60831

Shelton's opinion, if believed, would permit a reasonable jury to find that Provident breached its Policies when it stopped paying Cox benefits under the Policies' sickness provisions. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In short, Cox presented competent evidence of breach to survive summary judgment.

## B.

Cox additionally argued that he was entitled to punitive damages because Provident tortiously breached the contract.[3] To prevail on such a claim in Mississippi, a plaintiff must prove breach and an "intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort."[4] The second element requires proof "that the insurer acted with (1) malice, or (2) gross negligence or reckless disregard for the rights of others." *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 293 (Miss. 1992) (citations omitted). "[T]he presence of an arguable reason for failure to pay a claim establishes a defense to the insurer and insulates it from a bad faith refusal tort judgment."[5] An insurer has "an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which [it] acts."[6]

---

the trier of fact is the final arbiter as between experts whose opinions may differ as to precise causes."); *Hill v. Mills*, 26 So. 3d 322, 330 (Miss. 2010) ("[T]he winner in a battle of the experts is to be decided by a jury." (citation omitted)).

[3] *See Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1095 (Miss. 1996); *Eselin–Bullock & Assocs. Ins. Agency, Inc. v. Nat'l Gen. Ins. Co.*, 604 So. 2d 236, 241 (Miss. 1992).

[4] *Eselin–Bullock*, 604 So. 2d at 241 (citing *S. Nat. Gas Co. v. Fritz*, 523 So. 2d 12, 19–20 (Miss. 1987)).

[5] *Blue Cross & Blue Shield of Miss., Inc. v. Maas*, 516 So. 2d 495, 497 (Miss. 1987) (quoting *Scott v. Transp. Indem. Co.*, 513 So. 2d 889, 896 (Miss. 1987)); *State Farm Fire & Cas. Co. v. Simpson*, 477 So. 2d 242, 250 (Miss. 1985) ("[P]unitive damages will not lie if the carrier has an arguable reason for denying the claim.").

[6] *Guy v. Commonwealth Life Ins. Co.*, 894 F.2d 1407, 1411 (5th Cir. 1990) (internal quotation marks and citation omitted). Whether an insurer had an arguable reason to deny a claim is an issue of law. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628

No. 16-60831

Cox likely waived argument on this issue by failing to address it in his opening brief.[7]   But regardless, his position is indefensible.  He suggests the district court erred in its determination that no genuine dispute of material fact exists as to whether Provident acted in bad faith, but he presents no evidence to support that view.

In denying Cox's disability claim, Provident relied on Lahey's opinion that Cox's disability was the result of sickness rather than injury.  Lahey reviewed the relevant medical records, consulted with Cox's treating physicians, completed a written report, and concluded that Cox's difficulties were "a result of a degenerative process involving the patella femoral joint and subsequent effusion and swelling and not a result of accident or trauma."  In a follow-up review and report, Lahey concluded that there was "no medical evidence that [Cox's] fall caused the arthritis that is present now and is the source of [Cox's restrictions and limitations]."  Provident ultimately upheld its determination on this well-documented basis.  Because Cox offers no evidence that Provident lacked an arguable reason for administering his claim under the sickness provisions, "the trial court as a matter of law [was] under a duty to remove [the] punitive damages claim . . . from consideration by the jury."[8]  Summary judgment was proper on the tortious-breach claim.

Though Cox presented no evidence of bad faith, he raised a genuine dispute of material fact as to the cause of his disability.  The summary judgment is thus AFFIRMED IN PART and REVERSED IN PART and REMANDED.

---

(5th Cir. 2008).

[7] *See Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 260 n.3 (5th Cir. 2009) (declining to consider an argument raised "[f]or the first time in [a] reply brief").

[8] *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 844 (Miss. 1984); *see also Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 873–75 (5th Cir. 1991) (affirming summary judgment on the basis that the insurer had justifiable reasons to deny the claim).