# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2023

Lyle W. Cayce
Clerk

_____

No. 22-20533

_____

Cody Horton,

*Plaintiff—Appellant*,

*versus*

Allstate Vehicle and Property Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3109

_____

Before Jolly, Southwick, and Oldham, *Circuit Judges*.
Per Curiam:*

In this insurance coverage dispute, the district court held for Allstate, the insurer, and, on summary judgment, dismissed the complaint of Horton, the insured. The dispositive question is whether the district court's evidentiary rulings, to which Horton did not object, excluded Horton's expert's opinion as expressed in his deposition: that the damage to Horton's metal roof was not merely uncovered cosmetic damage, but covered

_____

\* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

functional damage. Because we hold that the court's rulings did not exclude this expert testimony, the record before us demonstrates a triable issue of fact, i.e., whether the damage to Horton's roof was cosmetic or functional. Accordingly, the judgment is REVERSED and VACATED, and the case is REMANDED for further proceedings.

I.

On March 18, 2020, a contractor for Horton reported a claim to Allstate for hail and wind damage to Horton's metal roof arising from a storm in 2019. However, Horton's homeowner insurance policy excludes "[c]osmetic damage caused by hail to the surface of a metal roof…" After investigating and concluding that the damage was only cosmetic, Allstate denied coverage. Horton then sued Allstate for breach of contract.

Before the district court, Allstate filed two motions relevant to this appeal: (1) a motion to exclude the expert testimony of Horton's expert witness, David Wilson, a licensed and independent insurance adjuster; and (2) a motion for summary judgment based, *inter alia*, on the cosmetic damage exclusion.

In its first motion, Allstate argued that Wilson's expert report was deficient under FED. R. CIV. P. 26 and under FED. R. EVID. 702, because Wilson's expert report lacked sufficient analysis. The Court ultimately barred Wilson from testifying on several of the topics in his expert report but did not address whether Wilson could offer his expert opinion as to whether the damage to the roof was functional or cosmetic.

In its second motion, Allstate moved for summary judgment. Relevant here, Allstate did not contest that Horton's roof suffered hail damage; it argued that the damage to the roof was excluded as *cosmetic* damage. Horton, however, argued that there was a disputed question of fact on whether the damage was functional or cosmetic. In support of coverage,

No. 22-20533

Horton cited Wilson's deposition testimony—that the Allstate adjuster's photos clearly showed functional damage.[1]  This testimony has not been disputed or otherwise challenged by Allstate.

Nevertheless, the district court granted summary judgment for Allstate based on the cosmetic damage exclusion.  It reasoned that Allstate had produced evidence showing that the roof damage was cosmetic, and that Horton did not submit "any competent summary judgment evidence that raises an issue of fact that the damage was *not* cosmetic."  But the court overlooked, or chose not to address, Wilson's deposition testimony.  Horton now appeals.

## II.

We review a district court's grant of summary judgment *de novo*. *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1017 (5th Cir. 2021). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## III.

As we have noted, the disputed issue on appeal is whether Wilson's specific conclusion on the presence of functional damage, as expressed in his deposition, falls within the district court's unchallenged exclusionary rulings.

The district court excluded: (1) testimony on "the policy provisions" at play, with the exception of testimony that wind and hail are covered perils;

---

[1] While Allstate's motion to exclude David Wilson's expert report was pending, Allstate deposed Wilson.  In that deposition, Wilson elaborated on photographs of Horton's roof taken by Allstate's adjusters and concluded, and indeed insisted, that the roof suffered functional damage.

(2) testimony on "how one determines whether a roof has been damaged by wind or hail;" and (3) testimony on whether the roof "was even damaged by wind or hail."

The court's exclusions do not address whether Wilson could testify to his expert observations that the damage was functional. Policy provisions, methods for discerning damage, and the cause of damage itself are irrelevant to that end. It should be noted that Wilson's deposition occurred after Allstate moved to exclude Wilson's prior testimony, and Allstate never amended its motion to reflect this deposition. In short, the judge's exclusions did not bar Wilson's expert testimony that the damage to the roof was functional.

Because the district court's exclusions did not bar Wilson's functional-damage opinion, it constitutes competent summary judgment evidence. As such, this evidence creates a classic "battle of the experts," which presents a question for the jury. *Cox v. Provident Life & Accident Ins. Co.*, 878 F.3d 504, 507 (5th Cir. 2017). The district court did not address this evidence and for that reason, summary judgment on the cosmetic damage exclusion was improper and the case will be remanded for the district court's further consideration.

## IV.

In sum, the district court erred when it did not address Wilson's expert testimony that Horton's roof suffered functional damage, and thus raises a question of fact as to whether the damage was cosmetic or functional. The district court's judgment is, accordingly, REVERSED, VACATED, and REMANDED for proceedings not inconsistent with this opinion.

REVERSED, VACATED, and REMANDED